BENJAMIN B. WAGNER
United States Attorney
HENRY Z. CARBAJAL III
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABEL MARTIN CARREON,<br><br>Defendant. | CASE NO.: 1:13-cr-00278-AWI-BAM<br><br>**STIPULATION AND PROTECTIVE ORDER BETWEEN THE UNITED STATES AND DEFENDANT ABEL MARTIN CARREON** |

WHEREAS, the discovery in this case is voluminous and contains a large amount of personal and confidential information including but not limited to Social Security numbers, dates of birth, bank account numbers, telephone numbers, and residential addresses ("Protected Information"); and

WHEREAS, the parties desire to avoid both the necessity of large scale redactions and the unauthorized disclosure or dissemination of this information to anyone not a party to the court proceedings in this matter;

The parties agree that entry of a stipulated protective order is appropriate.

THEREFORE, Defendant Abel Martin Carreon, by and through his counsel of record ("Defense Counsel"), and the United States of America, by and through Assistant United States Attorney Henry Z. Carbajal III, hereby agree and stipulate as follows:

1. This Court may enter a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to all discovery provided to or made available by the United States to Defense Counsel as part of discovery in this case (hereafter, collectively known as "the discovery").

3. By signing this Stipulation and Protective Order, Defense Counsel agrees not to share any documents that contain Protected Information with anyone other than Defense Counsel, other attorneys in Defense Counsel's law firm, designated defense investigators, consultants and experts, and support staff. Defense Counsel may permit the defendant and witnesses to view unredacted documents in the presence of Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff. The parties agree that Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff shall not allow the defendant or witnesses to copy Protected Information contained in the discovery. The parties agree that Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff may provide the defendant and witnesses with copies of documents from which Protected Information has been redacted. However, Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff may provide copies of

documents that solely contain the defendant's or a witness' own Protected Information to the defendant or that witness without redaction.

4. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose except to the extent that such information is independently and lawfully in the possession of the defendant, Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff. The discovery is now and will forever remain the property of the United States Government except to the extent that copies of the same documents produced in discovery are independently and lawfully in the possession of the defendant, Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff. Defense Counsel will return the discovery to the Government or certify that it has been shredded at the conclusion of the case.

5. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. Defense Counsel shall be responsible for advising his Defendant, employees, and other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

7. In the event that the defendant substitutes counsel, undersigned Defense Counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order or the Court modifies this Order regarding such transfer of discovery.

8. The parties hereto may seek modification of this Order by

stipulation. If the parties are unable to agree to a modification of this Order, either party may seek modification of this Order from the court for good cause with appropriate notice to the other party

    IT IS SO STIPULATED.

DATED: August 15, 2013        BENJAMIN B. WAGNER
                                  United States Attorney

                                By: /s/Henry Z. Carbajal III
                                    HENRY Z. CARBAJAL III
                                    Assistant U.S. Attorney

DATED: August 15, 2013        By: /s/Robert D. Wilkinson
                                  ROBERT D. WILKINSON
                                    Baker, Manock & Jensen
                                  Attorney for Defendant
                                  ABEL MARTIN CARREON

IT IS SO ORDERED.

**Dated: August 15, 2013**        /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE