UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Respondent,<br><br> v.<br><br> ABEL MARTIN CARREON,<br><br>  Defendant-Petitioner. | No. 1:13-cr-00278-DAD-BAM<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED<br><br>(Doc. No. 120) |

On June 4, 2020, Abel Martin Carreon ("petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus ("petition"), seeking review of his sentence imposed on February 28, 2020, for a violation of probation. (*See* Doc. No. 120.)[1] Petitioner's sentence includes a one-month term of incarceration, for which he has a deferred self-surrender date of September 2, 2020. (Doc. Nos. 103, 117.) Following incarceration, petitioner is to serve thirty-five months of supervised release. (Doc. No. 103.) However, on March 11, 2020, petitioner filed a notice of appeal to the Ninth Circuit. (Doc. No. 104.) On April 1, 2020, the Ninth Circuit issued an order directing petitioner's opening brief to be filed by July 20, 2020. (Doc. No. 113.)

---

[1] A petition alleging that Mr. Carreon had violated the terms of his supervised release was filed with this court on July 23, 2018. (Doc. No. 69.) After several continuances were granted, petitioner was found to have violated the conditions of his release following a contested hearing on December 17, 2019. (Doc. No. 80.) Following the granting of continuances, he was finally sentenced on February 28, 2020, but his self-surrender date in custody has been continued to September 2, 2020. (Doc. Nos. 102, 117.)

Petitioner's direct appeal fundamentally impacts his request for habeas relief:

> Generally, "[a] district court should not entertain a habeas corpus petition while there is an appeal pending." *Feldman v. Henman,* 815 F.2d 1318, 1320 (9th Cir. 1987). Only when the defendant proves the existence of " 'extraordinary circumstances' [which] outweigh the considerations of administrative convenience and judicial economy" should a district court consider a §2255 motion during the pendency of a direct appeal. *United States v. Taylor,* 648 F.2d 565, 572 (9th Cir. 1981) (court found that the circumstances were extraordinary because the collateral attack alleged newly discovered facts that "[cast] such a dark shadow on a pivotal aspect of the direct appeal ... [and] that the concerns for justice are best served by prompt inquiry either confirming or dispelling the suspicion of irregularity raised"). A pending direct appeal "severely restricts the filing of a collateral claim with the District Court, to avoid any anomaly associated with the simultaneous consideration of the same case by two courts." *Id.* In some instances, the result of the direct appeal will render the collateral claim moot. *See id.*

*United States v. Cibrian-Quintero*, No. 10CR2447WQH, 2011 WL 2516520, at *1 (S.D. Cal. June 22, 2011). Petitioner has not addressed what, if any, extraordinary circumstances might outweigh the considerations of administrative convenience and judicial economy in awaiting the outcome of his pending appeal. In addition, the court cannot assess the relationship of the issues raised by petitioner's appeal and his petition now filed with this court, since his opening brief on appeal has not yet been submitted to the Ninth Circuit.

For the above reasons, the court **ORDERS** petitioner **TO SHOW CAUSE** in writing why his Petition for Writ of Habeas Corpus, (Doc. No. 120), should not be dismissed. Petitioner shall file his response to this order no later than **July 1, 2020**.

IT IS SO ORDERED.

Dated:   **June 10, 2020**

UNITED STATES DISTRICT JUDGE